# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ANITA MARTINEZ-TRUMM,<br><br>Plaintiff,<br><br>vs.<br><br>CITYWIDE HOME LOANS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18CV103DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion to Reconsider this court's June 19, 2018 Memorandum Decision and Order granting Defendant's Motion to Dismiss. Defendant opposed Plaintiff's motion on July 31, 2018, and the time for Plaintiff to file a reply in support of her motion has passed. The court, therefore, considers the motion full briefed. The court concludes that oral argument would not significantly aid in its determination of the present motion. Based on the memoranda submitted by the parties and the law and facts relevant to the motion, the Court enters the following order.

## Defendant's Motion to Reconsider

While Plaintiff captioned her motion a "Motion to Reconsider," which is not specifically provided for in the Federal Rules of Civil Procedure, she states that she is bringing the motion pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59(e) of the Federal Rules of Civil Procedure authorizes a motion to alter or amend a judgment after its entry. However, "[a]

Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee For the First Amendment v. Campbell*, 962 F.2d 1517 (10th Cir. 1992) (citations omitted). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012. A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court. *Resolution Trust Corp. v. Greif,* 906 F. Supp. 1446, 1456-57 (D. Kan. 1995)("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.").

Plaintiff's motion raises arguments she already made in the original briefing of Defendant's Motion to Dismiss. The court already addressed and rejected Plaintiff's arguments. Plaintiff's motion merely disagrees with the court's prior analysis, and such disagreements are

more properly addressed on appeal. Plaintiff does not claim that there has been an intervening change in the law or that she has evidence that was previously unavailable. In addition, Plaintiff does not raise any new arguments that were not available to her during the briefing and arguing of Defendant's motion to dismiss. Therefore, Plaintiff has not presented any valid grounds for reconsideration of the Court's prior decision, and the court concludes that there is no basis for altering or amending its prior decision.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion to Reconsider the Court's June 16, 2018 Memorandum Decision and Order is DENIED.

DATED this 21st day of August, 2018.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge